IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | |
| DAVID VALEZ | Chapter: 7 |
| | Case Number: 4:18-bk-03855-RNO |
| Debtor(s) | |
| DAVID VALEZ | Adversary Number: 4:18-ap-00138-RNO |
| Plaintiff(s) | |
| v. | Document No.: 11 |
| EZ RENT A CAR INCORPORATED | Nature of Proceeding: Motion for Summary Judgment |
| Defendant(s) | |

## OPINION[1]

Debtor filed an Adversary Complaint alleging Defendant violated the automatic stay. Subsequently, Debtor filed a Motion for Summary Judgment. For the reasons stated below, I will grant Debtor's Motion in part and deny it in part.

### I. JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) & (G).

### II. FACTS AND PROCEDURAL HISTORY

On or about August 5, 2017, David Velez ("Debtor") entered into an Agreement ("Agreement") whereby Debtor agreed to lease a 2012 Chrysler 200 LX ("Vehicle") from EZ Rent A Car Inc. ("Defendant"). The general terms of the Agreement required a down payment

---

[1] Drafted with the assistance of Timothy R. Powell, Esq., Law Clerk.

1

as well as monthly payments over a specified period of time, at the end of which Debtor would have the option of returning or purchasing the Vehicle. While not a co-obligor on the Agreement, Amber Jo Derk ("Derk") authorized Defendant to debit her account monthly in satisfaction of Debtor's monthly payments under the Agreement. Derk's authorization was never rescinded, and she is not a named debtor in the underlying bankruptcy proceeding.

On September 14, 2018, Debtor filed his voluntary Chapter 7 bankruptcy petition (4:18-bk-3855-RNO). Subsequently, Defendant received notice of Debtor's Chapter 7 case which indicated November 7, 2018, as the date set for the first meeting of creditors.

On October 29, 2018, Defendant debited Derk's account in the amount of $170.00 in satisfaction of Debtor's monthly payment under the Agreement. On November 20, 2018, Defendant remotely disabled the Vehicle. On November 21, 2018, Defendant repossessed the Vehicle, allegedly with some of Debtor's possessions still inside.

On November 27, 2018, Debtor filed this Adversary Complaint ("Adversary Complaint") (4:18-ap-138-RNO). On February 19, 2019, Debtor propounded discovery on Defendant, including Requests for Admission ("Requests for Admission"). After some back and forth conversations between the parties, Defendant answered the Requests for Admission on April 26, 2019. An Answer to the Complaint was filed on December 4, 2018. ECF No. 5.

On April 12, 2019, Debtor filed a Motion for Summary Judgment ("Motion"). Briefs have been filed in support of, and in opposition to, the Motion. A trial date is presently set for October 18, 2019. The Motion is now ripe for decision regarding Defendant's liability.

## III. DISCUSSION

Debtor requests summary judgment against Defendant on the issue of liability in relation to Defendant's alleged violation of the automatic stay imposed by 11 U.S.C. § 362(a).[2] Specifically, Debtor alleges that Defendant violated the automatic stay when Defendant debited Derk's account post-petition, disabled the Vehicle, and repossessed the Vehicle with Debtor's personal possessions allegedly still inside. Debtor requests an award of compensatory damages, punitive damages, costs, and reasonable attorney's fees pursuant to § 362(k). However, Debtor requests the amount of such damages be determined at trial

In response, Defendant argues that it did not violate the stay when it debited Derk's account because Derk is not named as a co-obligor on the Agreement nor is she named as a co-debtor in Debtor's Chapter 7 bankruptcy. Defendant also argues that it did not violate the stay when it disabled and repossessed the Vehicle because Debtor had waived the protections of the automatic stay pursuant to paragraph thirteen of the Agreement. Furthermore, Defendant argues that it never had knowledge of any of Debtor's personalty being in the Vehicle during or following the repossession.

### A. Standard of Review to Decide a Motion for Summary Judgment Under Federal Rule of Bankruptcy Procedure 7056

Federal Rule of Bankruptcy Procedure ("FRBP") 7056 makes Federal Rule of Civil Procedure ("FRCP") 56 applicable in bankruptcy adversary proceedings. Summary judgment is appropriate and shall be granted when the movant establishes that there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. *Beard v. Banks*, 548 U.S. 521, 529, 126 S.Ct. 2572, 2578 (2006); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106

---

[2] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C.§ 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("Bankruptcy Code").

3

S.Ct. 2548, 2552 (1986); *Rosen v. Bezner*, 996 F.2d 1527, 1530 (3d Cir. 1993). At the summary judgment stage in the proceedings, a court must not weigh the evidence, or make a determination as to the truth of the matter, but must instead decide if there is a genuine issue for trial. *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2511 (1986)). In determining whether or not there is a genuine issue of material fact, "the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510; *Cliffs-Neddrill Turnkey Int'l-Oranjestad v. M/T Rich Duke*, 947 F.2d 83, 87 (3d Cir. 1991); *Felker v. Christine*, 796 F. Supp. 135, 138 (M.D. Pa. 1992).

When considering a motion for summary judgment, the court must draw all inferences in the light most favorable to the non-moving party, here Defendant. *Abramson v. William Paterson Coll. of N.J.*, 260 F.3d 265, 276 (3d Cir. 2001); *In re Eury*, 544 B.R. 563, 565 (Bankr. W.D. Pa. 2016). The initial burden of proof is on the movant to show that there is no dispute of material fact, which may be established by citing materials on the record such as "depositions, documents, affidavits, stipulations, admissions, and interrogatory answers." *In re Scalera*, 2013 WL 5963554, at *1 (Bankr. W.D. Pa. Nov. 8, 2013). Once the movant has satisfied their initial burden, the burden shifts to the non-moving party to show not merely "that there is some metaphysical doubt as to the material facts" but that there is a genuine issue for trial. *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 1776 (2007) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56 (1986)). If there is a genuine issue of material fact, summary judgment must be denied.

## B. The Application of FRBP 7036

Debtor argues that his Requests for Admission are deemed admitted by default due to Defendant's failure to respond within the thirty-day time-period provided in F.R.B.P. 7036(a). If I hold as such, Debtor argues such admissions warrant a grant of summary judgment in his favor in this adversary proceeding. In response, Defendant argues that I have authority to allow the withdrawal or amendment of requests for admission pursuant to FRBP 7036(b). Defendant argues that such a ruling warrants the denial of summary judgment because then there would be outstanding, genuine issues of material fact.

FRBP 7036 makes FRCP 36 applicable in bankruptcy adversary proceedings. FRBP 7036 governs requests for admission, and provides that "[a] party may serve on any other party a written request to admit … the truth of any matters … relating to … facts, the application of law to fact, or opinions about either[.]" Fed. R. Bankr. P. 7036(a)(1)(A). Pursuant to FRBP 7036(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." When the party receiving the request fails to timely answer, the matters detailed therein are deemed conclusively admitted. *In re D'Ambrosio*, 452 B.R. 562, 570 (Bankr. E.D. Pa. 2011) (citing *Harrison v. Ammons*, 2009 WL 2588834, at *4 (M.D. Pa. Aug. 19, 2009); 10 Collier on Bankruptcy P 7036.03 (16th 2019) ("[A]n admission is of equal force whether affirmatively stated or deemed admitted by default."). An admission made pursuant to FRBP 7036 is "an unassailable statement of fact that narrows the triable issues in the case. Even conflicting testimonial evidence does not alter the effect of an [FRBP 7036] admission." *Id.* (internal citation omitted). However, pursuant to FRBP 7036(b), a court may find that a party is not bound by an unanswered request for admission. *See In re Wolf*, 556 B.R.

676, 685 (Bankr. E.D. Pa. 2016), *aff'd*, 573 B.R. 179 (E.D. Pa. 2017), *subsequently aff'd*, 739 F. App'x 165 (3d Cir. 2018).

FRBP 7036(b) provides:

> (b) Effect of an Admission; Withdrawing or Amending It. A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

FRBP 7036(b) permits a court to exercise discretion when deciding whether or not to permit a withdrawal or amendment of requests for admission. *In re Wolf*, 556 B.R. 676, 685 (Bankr. E.D. Pa. 2016), *aff'd*, 573 B.R. 179 (E.D. Pa. 2017), *subsequently aff'd*, 739 F. App'x 165 (3d Cir. 2018) (citation omitted). "[A] court may permit a motion to withdraw or amend admissions if: (1) doing so 'would promote the presentation of the merits of the action'; and (2) 'the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.'" *Id.* (quoting Fed. R. Bankr. P. 7036(b)). Additionally, a formal motion is not always necessary because a withdrawal or request to withdraw may be imputed from a party's actions. *Id.* (citations omitted).

In the case at hand, Debtor sent the Requests for Admission to Defendant on February 19, 2019. Mot. for Summ. J. ¶ 8, ECF No. 11. Defendant did not respond to the Requests for Admission until April 26, 2019. Debtor's Br. in Supp. of Mot. for Summ. J. 2, ECF No. 15; *see also* Mot. for Summ. J. ¶¶ 8-12, ECF No. 11. It is clear that Defendant did not respond within the required thirty-day time-period. Therefore, pursuant to FRBP 7036(a), the Requests for Admission may be deemed admitted by default. However, Defendant has requested that these

6

admissions be amended by its late submission pursuant to FRBP 7036(b). Defendant's Br. in Opp. to Mot. for Summ. J. 4-5, ECF No. 16.

FRBP 7036(b) grants me discretion in allowing an amendment to admitted requests for admission if (1) the amendment would promote the presentation of the merits of the action, and (2) the amendment would not prejudice the requesting party in maintaining or defending the action on the merits. Fed. R. Bankr. P. 7036(b). "[A] motion that satisfies the first element may be denied for failure to satisfy the second element." *C.J. Hughes Constr. Co. Inc. v. EQM Gathering OPCO, LLC*, 358 F. Supp. 3d 486, 489 (W.D. Pa. 2019) (citations omitted).

The first factor I must consider is whether the amendments would promote the presentation of the case on the merits. "This factor contemplates facilitat[ing] the development of the case in reaching the truth." *In re Brown*, 2018 WL 910139, at *3 (Bankr. M.D.N.C. Feb. 14, 2018) (internal quotation omitted). After a thorough investigation of the docket and the Requests for Admission, I do not see how allowing the default admissions to stand would promote justice or the presentation of the case on the merits because some of the default admissions are contrary to facts already in the record. *See In re S.W. Bach & Co.*, 2010 WL 681000, at *3 (Bankr. S.D.N.Y. Feb. 24, 2010) ("'The presentation of the merits clearly would be served here by permitting defendant to dispute a central issue in this case,' where the defendant disputed the admission '[f]rom the very onset of [the] litigation.'" (citation omitted)); *see also C.J. Hughes Constr. Co. Inc. v. EQM Gathering OPCO, LLC*, 358 F. Supp. 3d 486, 489 (W.D. Pa. 2019) ("[I]t comes as no surprise that a court in this District has previously observed that 'the first prong would virtually always be satisfied.'" (citation omitted)).

For example, Requests for Admission Nos. 3 & 4 seek to admit the fact that when Defendant debited Derk's account on October 29, 2018, it was doing so to collect on a pre-

7

petition claim against Debtor.  Mot. for Summ. J. 2, ECF No. 11.  Additionally, Request for Admission No. 16 seeks to admit that Defendant's action in debiting Derk's account was a violation of the automatic stay.  *Id.* at 3.  However, while Defendant admitted to debiting Derk's account, it also denied that this act violated the stay on multiple occasions.  *See* Defendant's Answer to the Adversary Compl. ¶¶ 10 & 15, ECF No. 5; Defendant's Answer to Mot. for Summ. J. ¶ 15, ECF No. 13; Defendant's Resp. to Statement of Undisputed Material Facts ¶ 10, ECF No. 17; Defendant's Br. in Opp. to Mot. for Summ. J. 3 & 4, ECF No. 16.

Requests for Admission Nos. 14, 15, & 18 seek to admit the fact that Defendant violated the stay when it repossessed the Vehicle with Debtor's personal possessions allegedly still inside.  Mot. for Summ. J. 3, ECF No. 11.  Again, Defendant denied these allegations on multiple occasions.  *See* Defendant's Answer to Adversary Compl. ¶ 13, ECF No. 5; Defendant's Resp. to Statement of Undisputed Material Facts ¶¶ 20, 21, & 24, ECF No. 17.  Additionally, Debtor's own Brief provides that the existence of any of Debtor's personal contents in the Vehicle at the time of repossession is a disputed fact in relation to Defendant's liability.  Debtor's Br. in Supp. of Mot. for Summ. J. 4n.7, ECF No. 15.

Furthermore, Requests for Admission Nos. 14-19, are examples of requests for admission which seek the admission of legal conclusions.  Mot. for Summ. J. 3, ECF No. 11.  Requests for admission which call for legal conclusions are manifestly improper, and forcing a party to admit legal conclusions "will only frustrate the purposes for which Rule 36 was drafted."  *In re S.W. Bach & Co.*, 2010 WL 681000, at *4-6 (Bankr. S.D.N.Y. Feb. 24, 2010); *see also McCarthy v. Darman*, 2008 WL 2468694, at *1 (E.D. Pa. June 17, 2008) (quoting *Disability Rights Council of Greater Washington v. Washington Metropolitan Area Transit Auth.*, 234 F.R.D. 1, 1 (D.D.C. 2006) ("It would be inappropriate for a party to demand that the opposing party ratify legal

conclusions that the requesting party has simply attached to operative facts.")). Therefore, I find that Requests for Admission Nos. 14-19 cannot be deemed admitted by default admission because they call for legal conclusions relating to ultimate legal issues in this case.

For the above stated reasons, I find that the first factor weighs in favor of allowing Defendant's amendments to the Requests for Admission.

The second factor I must consider is whether the amendments would prejudice the Debtor in maintaining this action on the merits. The prejudice contemplated in the second factor is something more than that the party will now have the burden of proving a fact at trial that the admission would have eliminated. *In re Brown*, 2018 WL 910139, at *4 (Bankr. M.D.N.C. Feb. 14, 2018) (citation omitted). Instead, it refers to some special difficulty resulting from the sudden need to produce evidence. *Id.* (citation omitted); *see also In re Ames Dep't Stores, Inc.*, 470 B.R. 280, 287 (S.D.N.Y.), *aff'd*, 506 F. App'x 70 (2d Cir. 2012) (finding that deeming admitted untimely answers to requests was not warranted because the requesting party suffered no prejudice other than having to prove the entirety of its case on the merits and because admitting the requests would detract from a resolution on the merits).

In accordance with the examples I provided in my analysis of the first factor, I find that allowing the amended admissions would not prejudice Debtor because Defendant has already admitted to or denied the statements propounded in the allowable Requests for Admission through other filings on the docket. *See In re Brown*, 2018 WL 910139, at *4 (Bankr. M.D.N.C. Feb. 14, 2018) ("There would also be no evidentiary surprises to the Debtor upon withdrawal, because the docket already fully incorporates substantial evidence to the contrary of the default admissions…"); *see also In re Shader*, 2011 WL 6739581, at *3 (Bankr. D. Vt. Dec. 16, 2011) ("Weighing the value of having this additional information against a slight delay at this stage of

9

the litigation, the Court finds grounds to relieve Defendant from a strict application of Rule 36(a)."). Also, Defendant's responses to Debtor's Requests for Admission were only thirty-six days tardy. Finally, Debtor has not shown any cognizable prejudice he would suffer if the amendments were allowed. Therefore, I will allow Defendant's amended answers to Debtor's Requests for Admission pursuant to FRBP 7036(b).[3]

    C. **Debtor's Request for Summary Judgment in Relation to Defendant's Repossession of the Vehicle.**

Debtor argues for summary judgment to be entered in his favor on the question of liability concerning Defendant's alleged violation or violations of the automatic stay pursuant to § 362(a)(1), (3), & (6). Debtor argues Defendant violated the stay when, amongst other actions, Defendant disabled and repossessed the Vehicle. In response, Defendant argues that Debtor is not entitled to summary judgment and that it did not violate the stay because Debtor waived his rights to the protections of the automatic stay pursuant to paragraph thirteen of the Agreement.

One of the hallmarks of bankruptcy protection is the automatic stay. *In re Thomas*, 529 B.R. 628, 635 (Bankr. W.D. Pa. 2015). Generally, § 362(a) of the Bankruptcy Code protects a debtor from a creditor's actions to enforce or collect a pre-petition claim. The subsections of § 362(a) in question provide:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
>     (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

---

[3] Accordingly, Debtor's Motion in Limine is denied. *See* Debtor's Br. in Supp. of Mot. for Summ. J. 5, ECF No. 15.

> \* \* \*
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
>
> \* \* \*
>
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
>
> \* \* \*

For purposes of Defendant's conduct in disabling and repossessing the Vehicle, I will focus on § 362(a)(3). Put more simply, § 362(a)(3) stays acts of a creditor to obtain possession of, or exercise control over, property of the estate. *In re Vu*, 591 B.R. 596, 601 (Bankr. E.D. Pa. 2018).

"If a creditor violates the automatic stay, § 362(k)(1) provides that an individual debtor who is 'injured by any willful violation of [the automatic stay] ... shall recover actual damages, including costs and attorneys' fees and, in appropriate circumstances, may recover punitive damages.'" *In re Trokie*, 590 B.R. 663, 671 (Bankr. M.D. Pa. 2018) (quoting 11 U.S.C. § 362(k)(1)). A "willful" violation of the stay occurs when a creditor violates the stay with knowledge that a bankruptcy petition has been filed. *Id.* (citations omitted). Such a violation does not require that the creditor intended to violate the automatic stay provision, just that the creditor's act which violated the stay was intentional. *In re Johnson*, 2019 WL 2122732, at \*7 (Bankr. E.D. Pa. May 14, 2019) (citations omitted). In order to establish a claim pursuant to § 362(k)(1), the debtor bears the burden of proving, by a preponderance of the evidence, that "(1) the creditor violated the automatic stay; (2) the violation of the stay was willful; and (3) the willful violation caused the debtor some injury." *Id.* (citations omitted).

At this stage of the proceedings, Debtor only requests summary judgment as to Defendant's general liability in violating the automatic stay. Therefore, for purposes of this

Opinion, I only need to determine the first factor, whether or not Defendant violated the automatic stay.

In the case at hand, on August 5, 2017, Debtor entered into the Agreement with Defendant. Defendant's Br. in Opp. to Mot. for Summ. J. 2, ECF No. 16. The Agreement characterizes itself as a "true lease."[4] Debtor's Statement of Undisputed Material Facts in Supp. of Mot. for Summ. J., Exhibit Agreement at 2, ECF No. 14-1. In *In re Smith*, a vehicle lease was characterized as a true lease because:

> (1) the lessor and then the assignee retain ownership in the Vehicle unless the Debtor exercises his option to purchase it during the term of the Lease or at the Schedule Maturity Date; (2) in the event that the Debtor exercises the option to purchase the Vehicle, he must pay additional and substantial consideration for it; (3) the Debtor has the option of terminating the Lease prior to the Scheduled Maturity Date; and (4) the Debtor is not obligated to renew the Lease or become the owner of the Vehicle.

449 B.R. 35, 40 (Bankr. E.D. Pa. 2011). All four of these attributes are present in the Agreement before me. Additionally, when Debtor filed his voluntary Chapter 7 bankruptcy petition on September 14, 2018, Debtor had possession of the Vehicle and both parties still owed unperformed obligations to one another under the Agreement. Therefore, because the Agreement is a true lease, I will characterize it as an unexpired lease for the purposes of this Opinion.

Pursuant to § 365(a), subject to the court's approval, any unexpired lease of the debtor, as an executory contract, may be assumed or rejected. Additionally, Debtor notes the applicability of §§ 362(h)(1) and 521(a)(2). Section 362(h)(1) provides:

---

[4] While Debtor argues that the Agreement may be a disguised security agreement, he also provides that characterizing the Agreement as an unexpired lease will still result in a determination that Defendant violated the automatic stay. *See* Debtor's Br. in Supp. of Mot. for Summ. J. 3, ECF No. 15. I agree, and therefore, I will not go into a disguised security agreement analysis.

12

> (h)(1) In a case in which the debtor is an individual, the stay provided by subsection (a) is terminated with respect to personal property of the estate or of the debtor securing in whole or in part a claim, or subject to an unexpired lease, and such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2)--
>> (A) to file timely any statement of intention required under section 521(a)(2) with respect to such personal property or to indicate in such statement that the debtor will either surrender such personal property or retain it and, if retaining such personal property, either redeem such personal property pursuant to section 722, enter into an agreement of the kind specified in section 524(c) applicable to the debt secured by such personal property, or assume such unexpired lease pursuant to section 365(p) if the trustee does not do so, as applicable; and
>> (B) to take timely the action specified in such statement, as it may be amended before expiration of the period for taking action, unless such statement specifies the debtor's intention to reaffirm such debt on the original contract terms and the creditor refuses to agree to the reaffirmation on such terms.

Section 521(a)(2) provides:

> (a) The debtor shall—
>> \*   \*   \*
>> (2) if an individual debtor's schedule of assets and liabilities includes debts which are secured by property of the estate—
>>> (A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such

13

Case 4:18-ap-00138-RNO    Doc 18    Filed 06/28/19    Entered 06/28/19 16:08:41    Desc
Main Document      Page 13 of 19

> property, or that the debtor intends to
> reaffirm debts secured by such
> property; and
> (B) within 30 days after the first date
> set for the meeting of creditors under
> section 341(a), or within such
> additional time as the court, for
> cause, within such 30-day period
> fixes, perform his intention with
> respect to such property, as specified
> by subparagraph (A) of this
> paragraph;
> \* \* \*

When read in conjunction, §§ 362(h)(1) and 521(a)(2) terminate the stay with respect to personal property of the estate, which is subject to an unexpired lease, if the debtor fails (1) to file, within thirty days after the date of the filing of the petition, a statement of intention with respect to such personal property indicating that the debtor will be surrendering or retaining such personal property; and (2) to perform debtor's intention with respect to such property within 30 days after the first date set for the meeting of creditors. *See In re Dunn*, 589 B.R. 253, 258 (E.D. Pa. 2018) (citing *In re Miller*, 443 B.R. 54, 58 (Bankr. D. Del. 2011) (holding that "section 362(h) provides that the stay will be terminated and the collateral will no longer be property of the estate if the debtor fails *to file and to perform* a statement of intention to surrender, to redeem, to reaffirm or, in the case of leased property, to assume the unexpired lease")).

As previously stated, Debtor filed his bankruptcy petition on September 14, 2018. The automatic stay took effect, including as to Debtor's personal property (i.e., the Vehicle), at the moment Debtor's bankruptcy petition was filed. 11 U.S.C. § 362(a). Debtor's bankruptcy petition included a statement of intention which provided that Debtor intended to retain the Vehicle and would continue making payments to Defendant without reaffirming. Bankruptcy Petition 52, 4:18-bk-3855-RNO, ECF No. 1. This statement of intention was clearly filed within

the thirty-day time-period required by §§ 362(h)(1)(A) and 521(a)(2)(A). Therefore, the stay did not terminate thirty days post-petition, and Debtor was granted the benefits of the stay as to his personal property, including the property covered by the Agreement, until, at least, thirty days following the first date set for the meeting of creditors. Even if Debtor had failed to satisfy §§ 362(h)(1)(A) and 521(a)(2)(A), the District Court for the Eastern District of PA has already concluded that "the operative date for termination of the stay under § 362(h)(1) is thirty days after the date set for the creditors' meeting." *In re Dunn*, 589 B.R. 253, 259 (E.D. Pa. 2018).

Defendant received notice that the initial meeting of creditors was to be held on November 7, 2018. Debtor's Statement of Undisputed Material Facts in Supp. of Mot. for Summ. J. ¶ 2, ECF No. 14. However, on November 20, 2018, Defendant remotely disabled the Vehicle, and on November 21, 2018, Defendant repossessed the Vehicle. *Id.* at ¶¶ 5-6. Therefore, it is clear that Defendant took action against the Vehicle within the thirty-day period provided by §§ 362(h)(1)(B) and 521(a)(2)(B). The automatic stay was in effect as to the Vehicle and any of Debtor's personalty therein. *See In re Dunn*, 589 B.R. 253, 259 (E.D. Pa. 2018) (affirming the bankruptcy court's holding that the creditor had violated the stay by repossessing the debtor's vehicle within the thirty-day period following the first date set for the meeting of creditors). In its defense, Defendant argues that the Agreement itself constitutes a waiver by Debtor of the protections of the automatic stay. Defendant's Br. in Opp. to Mot. for Summ. J. 3, ECF No. 16.

Defendant argues that paragraph thirteen of the Agreement supports its assertion that Debtor waived protection of the automatic stay in relation to the Vehicle when Debtor filed his voluntary Chapter 7 bankruptcy petition. Defendant's Resp. to Debtor's Statement of Undisputed Material Facts ¶ 5, ECF No. 17. Paragraph thirteen of the Agreement provides:

> **13. <u>DEFINITION OF DEFAULT; OUR RIGHTS IN THE EVENT OF DEFAULT</u>. A.** You will be in "**DEFAULT**" if any of the following occurs: (1) you do not make your periodic payments on or before its due date; (2) <u>**YOU DO NOT KEEP IN FORCE THE INSURANCE COVERAGE THIS LEASE REQUIRES (see REQUIRED INSURANCE)**</u>; (3) <u>**YOU COMMENCE BANKRUPTCY, INSOLVENCY OR RECEIVERSHIP PROCEEDINGS OR ONE IS COMMENCED AGAINST YOU**</u>; … **B.** In the event of Default, Owner can, at its option: (1) take steps to perform your obligation that gave rise to the Default (in which case you agree to pay all our costs and expenses in so doing immediately on our demand); or (2) immediately terminate this Lease and do any or all of the following after giving due notice: (i) sue you for damages and to recover the Vehicle (ii) take the Vehicle from you by any method or manner permitted by law (and if there is any personal property in the Vehicle, we will store it at your expense or dispose of it as required by applicable law); …

(emphasis in the original). Debtor's Statement of Undisputed Material Facts in Supp. of Mot. for Summ. J., Exhibit Agreement at 2, ECF No. 14-1. In further support of its assertion, Defendant cites *In re Frye* which provides multiple factors that a court should consider when determining whether relief from stay should be granted based on a waiver. 320 B.R. 786, 790-91 (Bankr. D. Vt. 2005). Defendant argues that factual issues exist in relation to these factors, and therefore, summary judgment should be denied. Defendant's Br. in Opp. to Mot. for Summ. J. 4, ECF No. 16.

After reviewing the Agreement, and paragraph thirteen in particular, I do not agree with Defendant that paragraph thirteen constitutes a waiver of the automatic stay. Rather, paragraph thirteen is more appropriately characterized as an unenforceable *ipso facto* clause pursuant to § 365(e)(1)(B). Section 365(e)(1)(B) provides:

> (e)(1) Notwithstanding a provision in an executory contract or unexpired lease, or in applicable law, an executory contract or unexpired lease of the debtor may not be terminated or modified, and any right or obligation under such contract or lease may not be terminated or modified, at any time after the commencement of the

Case 4:18-ap-00138-RNO    Doc 18    Filed 06/28/19    Entered 06/28/19 16:08:41    Desc
Main Document    Page 16 of 19

> case solely because of a provision in such contract or lease that is conditioned on—
>
> * * *
>
> (B) the commencement of a case under this title; or
>
> * * *

"Section 365(e)(1) states that clauses in executory contracts and unexpired leases that premise default upon a party's commencement of a bankruptcy action are unenforceable." *In re W.R. Grace & Co.*, 475 B.R. 34, 153 (D. Del. 2012), *aff'd sub nom. In re WR Grace & Co.*, 729 F.3d 332 (3d Cir. 2013), *and aff'd*, 532 F. App'x 264 (3d Cir. 2013), *and aff'd*, 729 F.3d 311 (3d Cir. 2013), *and aff'd sub nom. In re WR Grace & Co.*, 729 F.3d 332 (3d Cir. 2013). The only event of default cited by Defendant is Debtor's filing of his Chapter 7 bankruptcy petition. Defendant's Br. in Opp. to Mot. for Summ. J. 2, ECF No. 16.

Defendant cites *In re Frye*, 320 B.R. 786 (Bankr. D. Vt. 2005) in support of its argument that paragraph thirteen constitutes a waiver of the automatic stay. Defendant's Br. in Opp. to Mot. for Summ. J. 3-4, ECF No. 16. However, *In re Frye* is distinguishable from the case before me because *In re Frye* involved a forbearance agreement, which was negotiated as part of a previously dismissed bankruptcy case, whereby the debtor specifically waived future protections of the automatic stay. 320 B.R. 786, 788 (Bankr. D. Vt. 2005). Paragraph thirteen of the Agreement was negotiated as part of the original lease documents and is effectively statutorily abrogated by § 365(e)(1)(B).

Since I have already held the Agreement to be an unexpired lease, and since the filing of a bankruptcy petition alone cannot constitute an event of default under an unexpired lease, I find that there is no outstanding genuine issue of material fact that Defendant violated the automatic stay when it disabled and repossessed the Vehicle. I thus conclude that Debtor is entitled to judgment on liability as a matter of law. I will now turn my attention to whether Defendant

17

Case 4:18-ap-00138-RNO    Doc 18    Filed 06/28/19    Entered 06/28/19 16:08:41    Desc
Main Document    Page 17 of 19

violated the automatic stay when it debited Derk's account or when it repossessed the Vehicle with Debtor's possessions allegedly still inside.

**D. Debtor's Request for Summary Judgment in Relation to Defendant Debiting Derk's Account.**

Debtor argues that Defendant violated the automatic stay on October 29, 2018, when Defendant debited, post-petition, an account of Derk's to satisfy Debtor's monthly lease payment on the Vehicle. Adversary Compl. ¶ 10, ECF No. 1. Defendant argues that the automatic stay does not apply to Derk because she is merely a third-party who authorized Defendant to withdraw funds from her account to satisfy Debtor's monthly lease payments on the Vehicle. Defendant's Answer to the Adversary Compl. ¶ 10, ECF No. 5; Defendant's Answer to Mot. for. Summ. J. ¶ 6, ECF No. 13. Defendant further argues that Derk's name appears nowhere on the Agreement. Defendant's Br. in Opp. to Mot. for Summ. J. 4, ECF No. 16.

In this regard, I have to agree with Defendant. After looking at the Agreement, I do not find any reference to Derk as a co-obligor. Even if I did, unlike in Chapter 12 or Chapter 13 cases, co-debtors of a Chapter 7 debtor are not provided the protections of the automatic stay. *See* 11 U.S.C. §§ 1201 & 1301. Additionally, Derk is not a named debtor in Debtor's underlying Chapter 7 bankruptcy case. "In general, only the debtor is afforded the protections of the automatic stay under section 362; conversely, third-parties do not receive the protection of the automatic stay." *In re Uni-Marts, LLC*, 399 B.R. 400, 415 (Bankr. D. Del. 2009) (citations omitted). Furthermore, Debtor has provided no authority to support his argument. Therefore, Debtor's Motion in regards to Defendant's October 29, 2018, debit of Derk's account is denied as to Defendant's liability.

18

Case 4:18-ap-00138-RNO    Doc 18    Filed 06/28/19    Entered 06/28/19 16:08:41    Desc
Main Document    Page 18 of 19

### E. Debtor's Request for Summary Judgment in Relation to Defendant's Repossession of the Vehicle with Debtor's Personal Possessions Allegedly Still Inside.

In his Adversary Complaint, Debtor contends that he had possessions in the Vehicle when Defendant repossessed it on November 21, 2018. Adversary Compl. ¶ 13, ECF No. 1. However, Defendant denied these allegations. Defendant's Answer to the Adversary Compl. ¶ 13, ECF No. 5. Debtor acknowledges that whether or not his possessions were in the Vehicle when it was repossessed is a disputed fact, and therefore summary judgment as to Defendant's general liability for violating the stay in this regard is inappropriate. *See* Debtor's Br. in Supp. of Mot. for Summ. J. 4n.7, ECF No. 15. Therefore, Debtor's Motion concerning Defendant's repossession of the car with Debtor's possessions allegedly still inside is denied as to Defendant's liability.

## IV. CONCLUSION

In sum, I find that Defendant violated the automatic stay when it disabled and repossessed the Vehicle. The trial will consider two matters. First, can Debtor substantiate a claim that he suffered losses by reason of unaccounted for items which were in the Vehicle when Defendant repossessed it? Second, what damages is Debtor entitled to because of the automatic stay violation(s). Judgment will be entered consistent with this Opinion.

By the Court,

*Robert N. Opel, II*
Robert N. Opel, II, Chief Bankruptcy Judge
(BI)

June 28, 2019